# UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHAMBERS OF
ANN D MONTGOMERY
DISTRICT JUDGE

13W U S COURTHOUSE
MINNEAPOLIS, MINNESOTA 55415
612 664 5090



September 10, 2012

ALL COUNSEL VIA CM/ECF

                RE: TRISHA FARKARLUN v. DEPUTY J.M. HANNING
                        CIVIL CASE NO. 10-452 ADM/JJK

Dear Counsel:

      This Court granted Defendants' Motion for Summary Judgment on March 2, 2012. Plaintiff sought to appeal this decision and requested to proceed in forma pauperis, a request this Court granted May 8, 2012. Counsel filed a notice of appeal to the U.S. Court of Appeals for the Eighth Circuit, but no further action or briefing occurred. Plaintiff has now filed a motion in the District Court for an "indicative ruling," citing Fed. R. Civ. P. 60.1.

      Although Plaintiff cites Rule 60.1, this Court construes this as a request under Rule 60(b) or under Rule 62.1, since there is no Rule 60.1.

      Fed. R. Civ. P. 60 (b) gives no grounds for relief in this case. Counsel has presented no indication of mistake, newly discovered evidence, fraud, or any other reason that justifies relief. Counsel cites <u>Beaulieu v. Ludeman</u>, 2012 U.S. App. LEXIS 18306 (8th Cir. Aug. 29, 2012), but that case does not reverse or vacate any earlier judgment. Fed. R. Civ. P. 60 (b)(5). Therefore, <u>Beaulieu</u> cannot be a ground for relief in this case.

      If Plaintiff's request for a motion for indicative ruling is under the authority of Fed. R. Civ. P. 62.1, it is also without merit. Rule 62.1 gives the court discretion, "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1 is not an avenue to reopen final judgments, especially when the case has had no further developments. This case is awaiting briefing on appellate issues and this Court sees no reason to suggest to the Eighth Circuit that it remand for further consideration by this Court.

                                                                       Very truly yours,

                                                                       s/Ann D. Montgomery

                                                                       Ann D. Montgomery